## PIERCE *v.* WALLACE *et als.*

EJECTMENT on an Alcalde grant of a town lot in San Jose, made January, 1847. Plaintiff proved by one Weeks that he was Alcalde for San Jose during October, 1847, and as such, recorded the original petition and grant in Book 3 of Deeds, in the Recorder's office of Santa Clara county; that the grant was signed by the genuine signature of Burton, Alcalde at its date; and that the record shown is a true copy of the petition and grant. Plaintiff then proved that neither the petition nor grant is now in the Recorder's office. He then offered his own affidavit to account for the nonproduction of the original petition and grant, in effect, that he had never seen said petition or grant; that he had made "a full, thorough, diligent and careful search for the same among his papers and effects, and in every locality and place where the same might reasonably be expected to be found, and that he has inquired of every person who might reasonably be expected to have said original petition and grant, or either of them, and of every person who might reasonably be expected to know where the same might be found," without success; and that he believes they are lost or destroyed. The affidavit of the widow of the grantee—upon whose estate there was no administration—was also read, stating that she has searched among her papers without effect: *Held,* that this proof sufficiently accounted for the nonproduction of the original grant to admit in evidence the record thereof as found in Book 3 aforesaid; that it was not necessary to the validity of the grant, that proof should be made of the petition—the grant, if properly issued, being the effective paper.

It is sufficient in such case, *prima facie,* to show that the grantee, or his representative or assignee did not have the grant, and that it was not in the place where it was last seen.

APPEAL from the Third District.

Ejectment for a town lot in San José. Plaintiff relied on a grant purporting to have been made in January, 1847, by John Burton, then Alcalde of the town, to José Feliz Villagrana. The petition was addressed, in Spanish, to "Mr. Judge of the pueblo of San José;" and the grant, after reciting that Villagrana came "before me, John Burton, a Justice of the Peace for the pueblo de San José," and proved the contents of his petition, etc., says: "I hereby grant said land to the petitioner." (Signed.) "John Burton, J. P." On the trial, plaintiff, to account for the nonproduction of the original petition and grant, the former purporting to be signed by Villagrana, the latter by Burton, read his own affidavit, in which he set out a copy of the petition and grant as recorded in Book 3 of Deeds, in the county Recorder's office of Santa Clara county, and then went on to state, that he had never seen said petition or grant; that he had made a full, thorough, diligent and careful search for the same among his papers and effects, and in every locality and place where they might reasonably be expected to be found; and that he has inquired of every person who might reasonably be expected to have said original petition and grant, or either of them, and of every person who might reasonably be expected to know where the same might be found, but without success; that neither said petition nor grant has ever been or now is in affiant's possession or under his control, and that he believes them to be lost or destroyed. Plaintiff then proved, by the Deputy Recorder, that Book 3 is a Book of Records from the Recorder's office for Santa Clara county, which book formerly belonged to the Alcalde's office, and is a part of the Alcalde's Records. Plaintiff then introduced one Weeks, who testified that he was Alcalde of San José during October, 1847; that he recognized Book 3 as one of the books belonging to the Alcalde's office in October, 1847, in which all instruments affecting titles to real estate were recorded; that he had in his hands and recorded in said book, page 136, the original petition, purporting to be signed by Villagrana, and the grant, signed by Burton, and that the grant was signed with the genuine signature of Burton; that the record is a true copy of the originals; and that Burton is dead.

Plaintiff then offered in evidence the record of said petition and grant, on page 136 of Book 3. Defendants objected on the grounds that the record and the evidence adduced in support thereof, and of the nonproduction of the original petition and grant, and of its due execution, was not a compliance with the statutes of this State ; that the contents of the original were not proven ; and that said pretended records were not the records of Santa Clara county. Objection sustained ; evidence ruled out, plaintiff excepting.

Plaintiff then offered in evidence a certified copy of said record. Same objections ; same ruling and exception.

Plaintiff then introduced Bernadina Martines Villagrana, who testified that she was the wife of Villagrana from 1846 to his death in 1858 ; that she had searched well for the petition and grant, but could not find them ; that a lot was granted to her husband, though she was not present when it was granted, and had never seen the grant. Plaintiff then introduced Davidson, who testified that he bought the lot of Villagrana in the fall of 1857, and in the same year sold it to one Black ; and that he had never seen petition or grant, although he made thorough search for them among his papers, and in every place where he could reasonably expect to find them. Black testified that he had searched for these papers diligently among his own papers, etc., without success; and that he never saw them, and does not know where they are. Spencer testified that he had made thorough search in the County Recorder's office of Santa Clara county for said papers, without finding them ; and that he did not look in the archives of the city of San José in the United States Surveyor General's office at San Francisco. The Deputy County Recorder of Santa Clara had also searched in his office, without success.

Defendants then introduced one Minor, who testified that, as President of the Board of Trustees of the city of San José, in 1857, and by their order, and at the request of the United States authorities, he removed all the papers in the archives of said city to San Francisco ; that the United States authorities bound them, and then returned to San José the papers of a private character, retaining in the Surveyor's office the rest—in all, six or seven volumes.

Plaintiff again offered to read in evidence the record of said petition and grant from said Book 3. Defendants objected on the grounds that the nonproduction of the original petition and grant was not sufficiently accounted for, and that their contents had not been proven; that said pretended record did not belong to Santa Clara county, but to the city of San José, and was irrelevant; that no search had ever been made in the archives of said city, nor of the archives of said city in the United States Surveyor General's office at San Francisco. Objection sustained; plaintiff excepting. The Court then instructed the jury to find for defendants, which was done. Judgment accordingly; and plaintiff appeals.

*F. E. Spencer,* for Appellant, cited Act of April, 1860, 357; Act of 1850, 81, sec. 39, 218, secs. 1–2, 152, sec. 10; 2 Phil. Ev. 521, note, 553, 559–60, note; 26 Vt. 588; Act concerning Estates of Deceased Persons, secs. 4, 228, 248, 279; 10 Ala. 478; 9 Wheat. 596; 18 Cow. 311; 7 Cal. 479; 13 Id. 638; 2 Id. 25; 10 Id. 126.

*Wm. T. Wallace, A. L. Rhodes* and *C. T. Ryland,* for Respondents.

1. The Court committed no error in ruling out appellant's testimony, because the same being secondary, no predicate was laid for its introduction. The papers offered were not acknowledged and recorded under our system, and hence the Act of April 29th, 1857, concerning certified copies of instruments in writing does not affect the case. The affidavit of plaintiff should have stated where he had searched, that the Court might judge of its sufficiency.

Again, under the Act of 1850, 81, sec. 39, plaintiff was bound to show that the book he offered in evidence was directed by the District Judge to be delivered to the County Clerk, to be by him kept and disposed of according to law; and that it was one of the books transferred by the County Clerk to the County Recorder's office, according to the Act of 1850, 218, sec. 1.

Again, the presumption is that a petition made to an officer of the pueblo de San José would be among the archives of San José;

and it was shown that the archives thereof had been taken, by order of the city trustees, to the city of San Francisco, and deposited with the Surveyor General of the United States, and that no search was ever made for the original papers in said Surveyor General's office.

As to the Act of 1860, cited by appellant: first, it was not in force on the day of trial, May 10th, 1860 ; second, plaintiff did not comply with the act.    He failed to prove that the grant was executed by the grantor, in this : that there is no proof that Burton signed the grant while he was Alcalde ; nor is there proof of delivery to the grantee.   Delivery is essential.   (2 Blac. 307 ; 22 How. U. S. 443.)

Weeks does not state that Villagrana, the grantee, had it ; so far as the proof is concerned, Weeks may have found it among the papers belonging to the pueblo of San José.   Burton may never have delivered it, and never have intended to deliver it.   No witness but Weeks ever saw the original, and he did not see it in the possession of the pretended grantee.   Nor is there any proof that the grantee ever had possession of it.   The Statute of 1860 required proof that it was in truth executed.   (Act of Feb. 17th, 1860, 15 ; Act of April 30th, 1860, 358.)

There was no search among the papers in the hands of the heirs of Villagrana, except of his wife ; no proof concerning administration ; no search among the archives in San Francisco, where the archives of the pueblo were sent ; no proof of the contents of the instruments, except from the book spoken of by Weeks ; no proof of Villagrana's signature to the petition ; no proof of the due execution by delivery of the grant to Villagrana ; no proof that Villagrana ever had possession of the same.

Again, the evidence of Weeks is that Burton was Alcalde during the whole of the month of January, 1847, and as such, was acting. Now, the pretended petition and grant do not purport to be made to and by Burton, the Alcalde, but to and by Burton, as Justice of the Peace.    The pretended petition is addressed to him as " Sen. Juez ;" and the pretended grant is by Burton *as Justice of the Peace*, and not as *Alcalde*, and no law authorizes a Justice of the Peace to make grants of land, especially when there was an Alcalde within the jurisdiction.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We think the Court erred in rejecting proof of the grant. It was not necessary to its validity that proof should be made of the petition. The grant, if properly issued, is the effective paper. It seems that the grant was in the hands of Weeks, Alcalde, and successor of Burton, the former officer acting as Alcalde, in October, 1847, and that Weeks copied it in the proper book of records used for recording such instruments ; that he knows Burton's hand writing—that the signature to this grant is his, and that Burton was, at the date of it, Alcalde of San Jose ; and that the record is a true copy of this grant. It is shown not to be among the records of Santa Clara. The plaintiff's affidavit shows that he has searched among his private papers, and everywhere else, for this paper, where he thought it possible to find it, but without success. The affidavit of the widow of the grantee—upon whose estate there seems to be no administration—says she has searched for it without effect. We think that the record should have been admitted upon this state of facts. The mere suggestion that this paper might have been taken to San Francisco by Minor is not enough to show that the plaintiff must affirmatively prove that he searched there. *Prima facie* it was enough to show that the grantee, or his representative or assignee did not have it, and that it was not in the place where it was last seen ; but this affidavit states that the plaintiff has not the paper, and that he has searched everywhere for it, where it could be expected to be found, and failed. It would be holding the rule to a degree of strictness which would be oppressive, and, in many cases a denial of justice, to hold that more proof than this of the inability to get the original paper should be required.

It is not necessary to inquire whether the officer had a right to grant as Justice, etc., or whether, if he had a right to grant as Alcalde, the fact that he signed his name Juez, etc., or J. P., instead of Alcalde, vitiates the grant. The question can be made after the proofs are in the cause ; the objection to them was not on this ground, and the plaintiff may have cured this objection by other proof, if it had been taken, and there was anything in it.

Judgment reversed, and cause remanded.